**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>                Plaintiff, ) <br>       v. ) <br> JUAN JOSE BECERRA, ) <br>                Defendant. ) | Case No. CR 12-1108-DMG <br><br> ORDER GRANTING MOTION TO COMPEL INFORMANT DISCOVERY [53] |

On January 9, 2013, Defendant Juan Jose Becerra, who is charged with distribution of approximately 26.9 grams of methamphetamine, filed a motion seeking, *inter alia*, disclosure of the identity of the Government's confidential informant ("CI"). [Doc. # 21.] This matter came before the Court for hearing on April 10, 2013, at which time the Court denied Defendant's request for disclosure of the identity of the CI but granted Defendant's request for an *in camera* hearing to allow defense counsel to question the CI regarding Defendant's entrapment defense. [Doc. # 35.]

On May 1, 2013, the *in camera* hearing was scheduled for May 23, 2013 and the Court advised the parties that at the conclusion of the *in camera* hearing and upon the filing of a defense motion, "if the CI has not voluntarily disclosed his identity and the Court determines that defendant has demonstrated a need for the disclosure of the CI's

identity, the Court will issue an order that the government must disclose the CI's identity to defense counsel before trial." [Doc. # 38.] On September 18, 2013, Defendant filed his renewed motion to compel informant discovery seeking the true identity and contact information of the CI. The Court conducted a hearing on the renewed motion on October 16, 2013. [Doc. # 53.]

Arguing that this motion directly implicates Defendant's rights to confront and cross-examine witnesses and poses a danger to the confidentiality of Defendant's privileged information as well as his trial strategy, Defendant supported his motion with an *in camera* filing. [Doc. # 57.] On September 25, 2013, the Government filed its opposition. [Doc. # 58.] On October 2, 2013, Defendant filed his reply under seal.[1] [Doc. # 65.] Concurrently herewith, the Court has filed, *in camera*, its findings from the May 23, 2013 *in camera* hearing. Having considered the record herein, the Court finds that disclosure of the CI's identity is warranted for the reasons set forth below.

## I.

## LEGAL STANDARD

In *Sorrentino v. United States*, 163 F.2d 627, 628-29 (9th Cir. 1947), the Ninth Circuit made a distinction between an informer and a participant:

> If the person whom [government agent] Grady called an informer had been an informer and nothing more, appellant would not have been entitled to have his identity disclosed, but the person whom Grady called an informer was something more. He was the person to whom appellant was said to have sold and dispensed the opium described in the indictment. Information as to this person's identity was therefore material

---

[1] Defendant's reply asserts that he is renewing his request for discovery regarding the CI. This request, however, is not currently before this Court as part of Defendant's motion.

to appellant's defense, and appellant was entitled to a disclosure thereof.[2]

In *Roviaro v. United States*, 353 U.S. 53 (1957), the United States Supreme Court stated the standard as follows:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

353 U.S. at 62.

## II.
## DISCUSSION

In *Roviaro*, the defendant was charged and convicted on two counts: (1) the sale of heroin to an informer ("Doe") and (2) the illegal transportation of the heroin. The Government did not defend its nondisclosure of Doe's identity with respect to the sale count, but argued that nondisclosure on the transportation count could be upheld because Doe's identity had no real bearing on that charge. Noting that the informer was the sole participant, other than the defendant, in the transaction charged, the Supreme Court held that it was error to allow the Government to withhold Doe's identity with respect to the transportation count. 353 U.S. at 64-65. In coming to this conclusion, it is notable that

---

[2] The Court found the error to be harmless because "[a]lthough the identity of the person whom Grady called an informer was not disclosed by Grady's testimony, it was disclosed by [government agent] Lieberman's testimony." *Id.* at 629.

the Supreme Court did not state that there was any public interest in maintaining non-disclosure and, in fact, did not even mention that any balancing was applied to the issue.

With respect to the charge of sale of heroin to the informer, the Supreme Court stated, again without any mention of the need to balance the public interest, that "it was evident from the face of the indictment that Doe was a participant in and a material witness to that sale. Accordingly, when his name and address were thus requested, the Government should have been required to supply that information or suffer dismissal of that count." *Id.* at 65 n.15.

Likewise in *Sorrentino*, after finding that the informer was directly involved in the transaction as the purchaser of the drugs from the defendant, the court concluded that defendant was entitled to disclosure without articulating any balancing with the public interest.

In *United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir. 1990), to balance the public interest against the interest of the criminal defendant, the Ninth Circuit proposed examination of the following three factors: "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure."

Addressing the three factors identified by *Gonzalo Beltran*, it is clear that the first two factors weigh strongly in favor of disclosure. It cannot be disputed that the informer was centrally involved in the criminal activity – it is the informer who not only suggested the drug transaction to Defendant, but also was the purchaser of the drugs and was the only participant with defendant in the transaction. Just as in *Sorentino*, "he was the person to whom [defendant] was said to have sold and dispensed the [drugs] described in the indictment." *Sorentino*, 163 F.2d at 629. In *Sorentino*, that was enough for the Court to conclude that the defendant was entitled to disclosure.

As was the case in *Roviaro*, with respect to the sales count, the informer in this case was a participant and material witness to the drug sale.  In *Roviaro*, that was sufficient to require disclosure.  353 U.S. at 65 n.15.

Weighing the third factor does not result in a different conclusion.  While acknowledging that the outcome of the balancing test depends on the circumstances of each case, the Government does not provide the Court with any information from which the Court could assess the Government's interest in nondisclosure in this particular case.  Instead, the Government merely provides the universal legal argument that it has a strong interest in protecting the valuable resources of the informant and that disclosure can place an informant in danger.  The Government does not contend that the CI will face any increase in danger if his identity is revealed, nor does the Government state that any other investigation will be harmed by disclosure.  As the Government concedes that the CI was terminated from employment by the FBI as a result of a January 2012 arrest for narcotics trafficking, it would appear that the Government's interest in maintaining nondisclosure has lessened because there is no longer any expectation of use of the CI in future drug investigations.

## III.
## CONCLUSION

In the instant case, considering the degree of the CI's involvement in the alleged criminal transaction and his relationship to Defendant's defense of entrapment, the lack of evidence of the Government's interest in maintaining nondisclosure in this case, together with this Court's *in camera* findings from the *in camera* hearing conducted on May 23, 2013, this Court finds that the balance between the Government's interest in nondisclosure and Defendant's right to prepare his defense tips in favor of disclosure.  The Court, therefore, GRANTS Defendant's renewed motion to compel the CI's identity, provided that Defendant's counsel receives this information at least four weeks prior to trial and Defendant himself receives this information no earlier than two weeks before trial.

1    While Defendant is entitled to be informed of the CI's name and contact
2 information sufficiently in advance of trial to prepare his defense, the Government's
3 interest in protecting the CI requires that such disclosure be subject to an appropriate
4 protective order.  Accordingly,

5    IT IS ORDERED that counsel shall meet and confer and no later than October 22,
6 2013 file a stipulation for a protective order governing the disclosure of the CI's name
7 and contact information.  A joint statement shall be concurrently filed explaining each
8 party's respective position as to any issues that remain in dispute.

9    IT IS FURTHER ORDERED that, in light of this ruling, counsel shall meet and
10 confer to resolve Defendant's renewed request for additional discovery regarding the CI
11 and, no later than October 22, 2013, file a joint statement regarding any remaining
12 discovery disputes, setting forth each party's position as to any unresolved items of
13 discovery.

15 DATED:  October 16, 2013

                                                                    _____
                                                                    DOLLY M. GEE
                                                                    UNITED STATES DISTRICT JUDGE