# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JUAN JOSE BECERRA,<br>　　　　　　　Defendant. | Case No. CR 12-1108-DMG<br><br>**FINDINGS**<br><br>**[Fed. R. Crim. P. 23(c)]** |

　　　Having duly considered the parties' stipulated facts, exhibits, and other evidence presented at trial, the Court finds that the Government has established the essential elements of the offense charged in the single count of the Indictment beyond a reasonable doubt:

　　　1.　Defendant, Juan Jose Becerra, knowingly distributed 26.9 grams of actual methamphetamine, a Schedule II controlled substance, on August 11, 2011;

　　　2.　Defendant knew that it was methamphetamine; and

　　　3.　Defendant was not entrapped to commit the offense because Defendant admitted that he had on numerous prior occasions committed the offense of distribution of a controlled substance (i.e., cocaine and marijuana) and, thus,

the government did not engage in conduct that created a substantial risk that an "otherwise innocent person" would commit an offense.

The Court therefore FINDS Defendant, Juan Jose Becerra, GUILTY as charged in the single count of the Indictment.

The Court makes the further additional finding, however, that Defendant has proven by a preponderance of the evidence that sentencing entrapment occurred because:

1. Defendant lost his job due to a back injury in June 2011 and became addicted to painkillers (i.e., Norco pills);
2. Defendant sold small amounts of marijuana and cocaine to family and friends in order to pay bills and buy additional Norco pills;
3. Defendant had seen the deleterious consequences of methamphetamine addiction on his sister, a methamphetamine addict, and as a result he did not like to sell methamphetamine;
4. When Defendant first met the confidential informant on July 15, 2011, he responded to the confidential informant's request for methamphetamine by saying, in effect, that he could not get that drug, did not sell that drug, and could only get cocaine for him;
5. Defendant sold approximately 3.8 grams of actual cocaine to the confidential informant on July 15, 2011;
6. Even though Defendant had a supplier to whom he could have made an immediate request for any type of drug, he repeatedly held the confidential informant at bay by telling him only that he would "try" to get the methamphetamine that the confidential informant requested, but that he could definitely get cocaine or marijuana for him;
7. The confidential informant admitted to "hanging out" with Defendant more than 10 times and calling Defendant "more times than he could count" and

that at some point in the conversations narcotics was always part of the conversations;

8. The confidential informant called Defendant more than 50 times between July 15, 2011 and August 10, 2011;

9. On August 10, 2011, it was the confidential informant who initiated the contact with Defendant and it was the confidential informant who dictated the amount of methamphetamine to be purchased from Defendant;

10. On August 10, 2011, after numerous prior conversations with Defendant, the confidential informant demonstrated his awareness of Defendant's resistance to selling methamphetamine when he once again asked Defendant to sell methamphetamine by posing the question in the negative, "But you don't, . . . you can't do my flavor?"

11. Once again, Defendant indicated that he would "try" to obtain the methamphetamine for the confidential informant;

12. Nearly one month after the confidential informant first requested that Defendant sell him methamphetamine, the confidential informant finally overcame Defendant's resistance to selling methamphetamine when, on August 10, 2011, Defendant arranged for a supplier to provide the confidential informant with 26.9 grams of methamphetamine;

13. Defendant earned $30 for arranging the sale of methamphetamine to the confidential informant;

14. There is no credible evidence that Defendant had sold methamphetamine prior to or after the August 11, 2011 transaction with the confidential informant; and

15. Defendant was predisposed to selling marijuana and cocaine, but not methamphetamine.

1   In light of the foregoing, the Court declines to apply the statutory mandatory
2   minimum penalty for the sale of 26.9 grams of methamphetamine and will apply the
3   penalty provision for distribution of the equivalent amount of cocaine.

DATED:  December 20, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE